UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANCISCO GUERRERO ESPINOSA, | CASE NO. 2:26-cv-00034-JHC |
| Petitioner, | ORDER |
| v. | |
| ICE FIELD OFFICE DIRECTOR, | |
| Respondent. | |

## I

### INTRODUCTION

This matter comes before the Court on Petitioner Francisco Guerrero Espinosa's Motion Requesting Hearing for Bond Re-determination (Dkt. # 4) and Petition for Writ of Habeas Corpus (Dkt. # 6). The Court has reviewed the materials filed in support of and in opposition to the motion and the petition, the record, and the governing law. Being fully advised, the Court STRIKES the motion (Dkt. # 4) and DENIES the petition (Dkt. # 6).

## II

### BACKGROUND

Petitioner provides almost no facts in support of his petition. The Court relies on the facts asserted by Respondent in the declarations attached to its return memorandum (Dkt. ## 10,

ORDER - 1

11).  Petitioner is a citizen of Mexico.  Dkt. # 11 ¶ 4.  Petitioner entered the United States at an unknown time and place, and he was detained by Immigration and Customs Enforcement (ICE) officers in Oregon on September 18, 2025.  *Id.*  The government determined that he was inadmissible under a provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1181(a)(6)(A)(i) (also known as "Section 212(a)(6)(A)(i)").  *Id.*  Since that date, Petitioner has been confined at the Northwest ICE Processing Center, over four months since his initial detention.  *See* Dkt. # 6 at 1.

On September 18, 2025, the same day he was detained, the government issued Petitioner a Notice to Appear, charging him with having violated the referenced provision of the INA.  On December 23, 2025, Petitioner, represented by counsel, appeared at a bond hearing.  Dkt. # 11 ¶ 16.  The immigration judge (IJ) denied bond, finding lack of jurisdiction and, in the alternative, that Petitioner is a flight risk.  *Id.*

Petitioner then filed this action.  He moves for a hearing for bond redetermination pursuant to 8 C.F.R. § 1003.19 and 8 C.F.R. § 1236.1(d).  *See* Dkt. # 4.  And he has filed a habeas petition.  Petitioner filed no traverse to the government's return (Dkt. # 9).

### III

#### DISCUSSION

A.      Legal Standards

Federal district courts have the authority to grant a writ of habeas corpus.  28 U.S.C. § 2241(a).  But this relief can be extended only in certain conditions.  *See* 27 U.S.C. § 2241(c).  One such condition is if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  *Id.*  "The [habeas] petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief."  *Davis v. Woodford*, 384 F.3d 728, 638 (9th Cir. 2004).

ORDER - 2

B.    Analysis

First, Petitioner's motion requesting a hearing for the bond redetermination (Dkt. # 4) and his habeas petition seek the same relief.  The motion contains no argument.  Petitioner advances all arguments in favor of the hearing for bond redetermination in his habeas petition.  The Court therefore STRIKES Petitioner's bond redetermination motion (Dkt. # 4).

Petitioner's habeas petition requests relief in two ways:  Petitioner seeks "supervised release pending all finality or" a bond redetermination where "where individual factors are considered that can allow for the release of the Petitioner pending the conclusion of his legal matters with ICE." Dkt. # 6 at 2.  Petitioner says that he is not held under Section 1226(c), which mandates detention (that is, without bond).  Petitioner argues, essentially, that he is rather detained under Section 1226(a), and that, under that provision, a noncitizen "should not be detained or required to post bond unless it is found that he is a threat to the national security or a poor bail risk." *Id.* at 2–4 (citing *In re Patel*, 15 I. & N. Dec. 666 (BIA 1976); *Nat'l Ctr. for Immigrant Rights v. INS*, 743 F.2d 1365 (9th Cir. 1984).  Petitioner stops short of saying he is neither but says that he has "equities in the United States and those equities far outweigh any adversities" and that if he is "released he will appear for all hearings and will appear if he is to be removed from the country." *Id.*  Petitioner argues, in the main, that various authorities permit the government to hold a bond redetermination hearing where he may "**contest before a neutral decision maker whether the government purported interest is *actually served* by detention in his case.**" *Id*. at 4 (emphasis in original).

Respondent counters that Petitioner is in fact detained under Section 1225(b)(2)(A), which requires mandatory detention.  Respondent says even if he were detained under Section

1226(a),[1] the IJ made an alternative determination that "gave [Petitioner] the benefits of a bond hearing, *i.e.*, an individualized determination that he should not be released because he is a flight risk." Dkt. # 9 at 5. Respondent spends the bulk of the return memorandum arguing that Petitioner must appeal the bond determination to the BIA and that, had Petitioner argued that prudential exhaustion should be excused, it would not be merited here. *Id*. at 4–5 (citing *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

Because Petitioner has not filed a traverse, he raises no argument concerning Respondent's position that he is detained under Section 1225(b)(2)(A). But even construing his argument that he should be detained under Section 1226(a) as contending that he should not be detained under Section 1225(b)(2)(A), that argument is not persuasive. The IJ's alternative determination that he is a flight risk, Dkt. # 11 ¶ 16, forms a separate basis for the legality of Petitioner's custody. In other words, even if the government treated him as subject to the discretionary detention regime of Section 1226(a)—the only argument that Petitioner appears to raise—he would remain in detention under that separate finding. Courts in this District have generally held that habeas petitioners seeking bond redeterminations are not entitled to them when the immigration judge finds a separate basis for their detention under Section 1226, as here. *See, e.g.*, *Corrales Castillo v. Wamsley*, 2025 WL 3204370, at *2 (W.D. Wash. Nov. 17, 2025) (IJ's determination that petitioner "presents a flight risk" valid basis for detention under Section 1226, denying habeas petition), *appeal filed*, No. 26-408 (9th Cir. Jan. 20, 2026); *Vasquez Garcia v. Hermosillo*, 2026 WL 81783, at *2 (W.D. Wash. Jan. 12, 2026) (same); *Aburto Lopez v. Scott*, 2026 WL 194234, at *2 (W.D. Wash., Jan. 26, 2026) (same). "[T]he

---

[1] Respondent refers throughout its briefing to "INA § 1236(a)." *See, e.g.*, Dkt. # 9 at 3. There does not appear to be a Section 1236(a) in the INA. Respondent may have intended to cite the uncodified INA § 236(a), which is codified at Section 1226(a), or else Respondent made a typographical error and intended to cite Section 1226(a).

ORDER - 4

essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Because the alternative determination that Petitioner is a flight risk provides a basis for the legality of Petitioner's custody, he has not shown by a preponderance of evidence that the "fact or duration of his confinement" violates any law, and habeas relief is unavailable to him. *See id.* at 489.

## IV

### CONCLUSION

Because Petitioner has not shown that his detention is unlawful, the petition for writ of habeas corpus is DENIED. Dkt. # 6. And the Court STRIKES Petitioner's motion for hearing requesting bond redetermination. Dkt. # 4.

Dated this 4th day of February, 2026.

John H. Chun
United States District Judge

ORDER - 5