UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRANCISCO GUERRERO ESPINOSA,

Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

Respondent.

CASE NO. 2:26-cv-00034-JHC

ORDER

This matter comes before the Court on pro se Petitioner Francisco Guerrero Espinosa's Petition for Writ of Habeas Corpus (Dkt. # 6).  On February 4, 2026, the Court denied Petitioner's habeas petition.  *See* Dkt. # 13.  But on February 6, 2026, Petitioner's traverse was docketed.  *See* Dkt. # 14.  Having now considered Petitioner's traverse, the Court again DENIES Petitioner's habeas petition.

Petitioner's short traverse appears to argue that he is not a flight risk.  *See* Dkt. # 14 at 1. This argument could be raised in a bond hearing, such as that available to noncitizens detained under 8 U.S.C. § 1226(a).  But Petitioner does not argue, either in his traverse or his petition at Dkt. # 6, against the government's position that he is detained under 8 U.S.C. § 1225(b)(2).  *See* Dkt. # 9 at 3 (Respondent's return memorandum stating that "Petitioner is detained pursuant to [8 U.S.C.] § 1225(b)(2)").  The Court noted before that Petitioner "raises no argument

ORDER - 1

concerning Respondent's position that he is detained under Section 1225(b)(2)(A)." Dkt. # 13 at 4. Because Petitioner does not challenge his detention under Section 1225(b)(2), and because that provision does not permit detainees to be released on bond, Petitioner's arguments about why he is not a flight risk are inapt.

Also, in the prior Order, the Court "constru[ed]" Petitioner's argument that he should be detained under Section 1226(a), which permits bond, "as contending that he should not be detained under Section 1225(b)(2)." *See* Dkt. # 12 at 4–5. Still, the Court concluded that the immigration judge's (IJ) determination that he is a flight risk prevented it from granting his habeas petition. *See id.* By the same logic, the traverse could be construed to argue: (1) Petitioner should be detained not under Section 1225(b)(2) but Section 1226(a), which permits bond; and (2) the Court should overrule the IJ's determination that bond should not be granted because he is a flight risk. But bond determinations under Section 1226 are "discretionary" decisions by the immigration judge that are not subject to judicial review. *See* 8 U.S.C. § 1226(e). Such discretionary decisions are reviewable only when the habeas petitioner challenging that decision raises a constitutional issue or a question of law. *See Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011). But Petitioner makes neither a constitutional argument nor one that the IJ committed legal error. He provides only factual arguments as to why he should be released on bond. In this context, the Court cannot review the IJ's discretionary decision.

Given the foregoing, the Court again DENIES the Petition.

Dated this 10th day of February, 2026.

John H. Chun
United States District Judge

ORDER - 2